```
                     United States District Court
                       District of Massachusetts
```

```
_____
                              )
UNITED STATES OF AMERICA,     )
                              )
        v.                    )
                              )    Criminal No.
CHRIS ALLEN OAKE,             )    11-10106-NMG
        Defendant.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

On February 16, 2012, defendant Chris Allen Oake pled guilty to one count of transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1), two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Following the defendant's guilty plea, this Court directed the parties to brief the issue of whether the defendant should be permitted to remain on supervised release pending his sentencing. The defendant has since filed a memorandum in support of post-plea release while the government is opposed.

Section 3143(a)(2) of Title 18 of the United States Code provides that persons found guilty of child pornography offenses and awaiting imposition or execution of sentence shall be detained unless, inter alia, "there is a substantial likelihood

-1-

that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed on the person." Because defendant readily admitted his guilt of the crimes charged and is subject to a mandatory minimum sentence of 60 months imprisonment, neither exception applies in this case.

This Court may nevertheless order a defendant released pending the imposition or execution of his sentence notwithstanding § 3143(a)(2) if there are "exceptional reasons" why detention would be inappropriate. 18 U.S.C. § 3145(c). Congress has not provided examples of reasons which might be deemed exceptional and the First Circuit Court of Appeals has done little to fill the statutory interstices. United States v. Weiner, 972 F.2d 337, at *1-3 (1st Cir. 1992) (per curiam) (recognizing only that "there must be present a unique combination of circumstances giving rise to situations that are out of the ordinary"). In the absence of guiding statutory criteria and precedent, district judges have "wide discretion in deciding whether to invoke this provision." Id. at *3.

Defendant asserts that the following exceptional reasons justify his post-plea release: 1) his conduct was aberrational, 2) he is a productive member of society, 3) his crimes, while technically crimes of violence, did not involve actual violence, 4) the length of his potential prison sentence has not been

determined, 5) he is unlikely to flee or pose a danger to the community and 6) his conduct from the start of the government investigation until this point has been exemplary. In support of his motion, defendant points to United States v. Garcia, 340 F.3d 1013, 1019-21 (9th Cir. 2003), a case in which the Ninth Circuit listed the factors above as those which district courts should consider when evaluating whether "exceptional reasons" are present.

In the opinion of this judicial officer, the factors enumerated by the Ninth Circuit and relied upon by the defendant are threshold requirements for post-plea release, not "exceptional reasons" sufficient in and of themselves to warrant release. It is entirely possible that the defendant is, as he claims, a productive, non-violent and amiable individual, despite his regrettable foray into child pornography. Those qualities alone, however, do not entitle him to special treatment. See United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004) (per curiam) ("[W]e do not see how [the defendant's] case is clearly out of the ordinary, uncommon, or rare when compared to every other defendant convicted of offenses involving the sexual exploitation of children, all of whom are subject to mandatory detention under § 3143(a)(2).").

This Session of the Court has, in the past, allowed post-plea release when defendants meet the above criteria and agree to

work with the government as cooperating informants.  In those cases, post-plea release served the interest of justice without imposing countervailing costs.  This Session would also countenance allowing post-plea release if a defendant is otherwise eligible and has a short-term medical emergency requiring special treatment that cannot be provided at the designated detention facility.  In that scenario, post-plea release would minimize the exceptional burden on all parties involved.  Absent those or equally unique and compelling circumstances, this Court is disinclined to allow defendants to delay inevitable incarceration.  Finding no such circumstances here, the defendant's motion for post-plea release will be denied.

## ORDER

In accordance with the foregoing, defendant's motion for post-plea release (Docket No. 27) is **DENIED.**  Defendant is hereby directed to self-report to the United States Marshals Service in Boston, Massachusetts before 2:00 p.m. on Friday, March 23, 2012.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 15, 2012